FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 30, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FRANCISCA P., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> ACTING COMMISSIONER OF <br> SOCIAL SECURITY, <br><br> Defendant. | No. 1:21-CV-3155-JAG <br><br> ORDER GRANTING <br> DEFENDANT'S MOTION <br> FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-Motions for Summary Judgment. ECF Nos. 14, 17. Attorney D. James Tree represents Francisca P. (Plaintiff); Special Assistant United States Attorney Christopher John Brackett represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2) as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 20. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

### I.    JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income November 6, 2018, alleging disability since May

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 1

27, 2017, due to fibromyalgia, arthritis, bilateral knee injury/pain, left thumb tumor, bilateral shoulder pain, right knee Baker cyst, anxiety/depression, heart murmur and arrythmia, and obesity. Tr. 76 - 77. Plaintiff's claim was denied initially and on reconsideration, and she requested a hearing before an administrative law judge (ALJ). Tr. 16. A telephonic hearing was held on February 25, 2021, at which vocational expert Terry Marshall, and Plaintiff, who was represented by counsel, testified. Tr. 16. ALJ Jennifer Millington presided. Tr. 15. The ALJ found that Plaintiff was disabled beginning on July 3, 2020. The Appeals Council denied review. Tr. 1. The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on November 29, 2021. ECF No. 1.

## II.   STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. At the time of the hearing, Plaintiff was fifty-five years old. Plaintiff's past jobs included a nurse aide which she performed for multiple employers.

## III.   STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 2

reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

### IV.  SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); see *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 3

## V.     ADMINISTRATIVE FINDINGS

On March 31, 2021, the ALJ issued a decision finding Plaintiff was disabled as defined in the Social Security Act beginning on July 3, 2020.

At *step one*, ALJ Millington found that Plaintiff had not engaged in substantial gainful activity since May 27, 2017. Tr. 17.

At *step two*, the ALJ found Plaintiff had the severe impairments of fibromyalgia, osteoarthritis of the knees and right shoulder, migraines, obesity, premature atrial and ventricular contractions, and non-sustained supraventricular tachycardia. Tr. 19.

At *step three*, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). Tr. 26.

The ALJ also found that Plaintiff has the residual functional capacity ("RFC") to perform light work, with the following limitations:

> the claimant can have only occasional exposure to extreme cold, vibrations and hazards. The claimant can frequently reach overhead and handle with the right upper extremity.

Tr 27.

At *step four*, the ALJ found that Plaintiff could not perform past relevant work as a Nurse Aide. Tr. 37.

At *step five*, the ALJ found that, prior to July 3, 2020, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers in the national economy, including the jobs of office helper, routing clerk, and parking lot attendant. Tr. 38. However, beginning on July 3, 2020, Plaintiff was not able to transfer job skills to other occupations. Tr. 38. From

that date forward, no jobs existed in significant numbers in the national economy that Plaintiff could perform. Tr. 39.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through July 2, 2020. The ALJ found Plaintiff to be disabled beginning on July 3, 2020. Tr. 39.

## VI.   ISSUES

The question presented is whether substantial evidence exists to support the ALJ's decision denying benefits from the alleged onset date to July 2, 2020, and, if so, whether that decision is based on proper legal standards.

Plaintiff contends that the ALJ erred by rejecting symptom testimony for reasons that were not clear and convincing and for improperly evaluating medical opinions of Kristy Riniker, M.D., Thomas Genthe, Ph.D., and Anne McCormack, M.D.

## VII.   DISCUSSION

A.   **Symptom Testimony.**

Plaintiff contends that the ALJ erred by improperly rejecting Plaintiff's symptom testimony. The ALJ engages in a two-step process when evaluating symptom testimony. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014). Next, the ALJ evaluates the severity of the symptoms. Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence

undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

At the hearing, Plaintiff testified that pain limited her ability to bend down, sit, and stand for periods of time in excess of 30 minutes. Tr. 58. She testified that she could walk for about 15 minutes. Tr 60. She also indicated that she alternates positions to mitigate pain, spending most of her time sitting, but is unable to stand from a sitting position without help. Tr. 61. Plaintiff also complained of pain in both knees, her back, and her neck, which were not managed by medication. Tr. 62. Plaintiff's testimony was consistent with her previous reports regarding pain. *See e.g.* Tr 269, 279, and 309.

The ALJ found that Plaintiff's statements about intensity, persistence, and limiting effects of pain were inconsistent with the medical record because during multiple physical exams where Plaintiff "had full strength, a normal gait, intact sensation, symmetric reflexes, negative straight leg raises, no synovitis and positive fibromyalgia points with intermittent findings of tachycardia, reduced right should and bilateral knee range of motion, swollen hands, an antalgic gait and reduced bilateral knee and hand strength." Tr. 33-34. The ALJ painstakingly summarized Plaintiff's medical history noting several instances where Plaintiff complained of a specific injury that responded to treatment and physical therapy. Tr. 29–34. In review of the medical records, the ALJ noted Plaintiff intermittently complained of pain associated with acute injury, but the pain resolved after treatment of injury. *See e.g.*, Tr. 31; *see also* Tr. 36. The ALJ further found that her migraines never caused Plaintiff to seek out emergent care, nor did Plaintiff obtain migraine medication. Tr. 34. The ALJ also found that the Plaintiff's daily activities undercut her pain reports claims because she could complete personal chores "with some limited assistance" and reported seeking work in March 2020. Tr. 34.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 6

An ALJ may cite inconsistencies between a claimant's testimony and the objective medical evidence in discounting the claimant's symptom statements. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). But this cannot be the only reason provided by the ALJ. *See Lester*, 81 F.3d at 834 (the ALJ may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence); *see Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (Although it cannot serve as the sole ground for rejecting a claimant's credibility, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects.").

A claimant's daily activities may support an adverse credibility finding if the claimant's activities contradict her other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). However, "ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) citing *Smolen v. Chater*, 80 F.3d 1273, 1287 n.7 (9th Cir. 1996) ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication." (citation omitted)); *Fair*, 885 F.2d at 603 ("[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication.")

Although Plaintiff's daily activities alone do not support an adverse credibility finding, the ALJ's decision is supported by clear and convincing evidence. Plaintiff reported limited daily activities performed with help from others. These activities do not undermine Plaintiff's credibility. However, the

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 7

ALJ's thorough review of the medical record as it pertained to Plaintiff's reports of pain pointed to specific instances where Plaintiff's physical examinations and reports of pain reflected pain stemming from an acute injury that subsided after treatment. The ALJ also appropriately considered Plaintiff's stated intention to seek work in 2020, after recovering somewhat from a knee injury.

Plaintiff's failure to seek treatment and medicate migraines supports the ALJ's credibility decision by clear and convincing evidence. Though reliance on Plaintiff's daily activities to undermine credibility was misplaced, the Court finds that the ALJ's other reasons for questioning Plaintiff's reports of persistent pain discussed above are sufficient to affirm the ALJ's decision.

**B.    <u>Medical Opinions.</u>**

Plaintiff further argues that the ALJ improperly evaluated medical opinions from Kristy Riniker, M.D., Thomas Genthe, Ph.D., and Anne McCormack, M.D. For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. The current regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 404.1520c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 404.1520c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.*

The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(b). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

(1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c).

The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022).

1. **<u>Kristy Riniker, M.D.</u>**

Plaintiff claims that the ALJ improperly rejected Dr. Riniker's opinion. The ALJ found Kristy Riniker's medical opinions unpersuasive because they were inconsistent and unsupported by the medical record. The ALJ found that Dr. Riniker's opinion conflicted with multiple physical examinations as well as Plaintiff's self-reported daily activities. Also, the Court infers from the ALJ's opinion that as several medical professionals reviewed Plaintiff's record, but

rendered differing opinions. As such, the ALJ found Dr. Riniker's opinions less persuasive than the other medical professionals whose opinions aligned and the ALJ did not err in doing so.

### 2.  *Thomas Genthe, Ph.D.*

Plaintiff argues that the ALJ improperly rejected Dr. Genthe's opinion. Plaintiff argues that the ALJ's discussion regarding Plaintiff's failure to medicate as prescribed and engage in recommended treatment ignored Plaintiff's rationale for these failures. Further Plaintiff argues that the ALJ's findings that Dr. Genthe's opinion was unsupported by evidence is inaccurate.

The ALJ only found Dr. Genthe's unpersuasive of the four psychological medical opinions found in Plaintiff's record. The ALJ's decision that Dr. Genthe's opinion ran counter to the record and Dr. Genthe's own observations is supported by the record and by the opinions of other medical professionals discussed in the ALJ's opinion. Accordingly, the ALJ did not err in rejecting Dr. Genthe's opinion.

### 3.  *Anne McCormack, M.D.*

Plaintiff claims that Anne McCormack's opinion failed to account for ailments other than 2017 knee injury so should have not been afforded as much weight as it was. Though Dr. McCormack undertook the review and examination in order to address Plaintiff's recovery from a knee injury, her medical review extended beyond just the injury including a full physical examination of Plaintiff's knees as well as review of her medical records. The ALJ did not err by crediting Dr. Cormack's opinion.

## VIII.  CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and is not based on legal error. Accordingly, **IT IS ORDERED**:

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 10

1. Defendant's Motion for Summary Judgment, ECF No. 17, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, ECF No. 14, is **DENIED**.

3. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED March 30, 2023.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE